**DUKE GARDENS FOUNDATION, INC., a non-profit corporation, organized under the laws of Delaware, and Doris Duke, Plaintiffs,**

**v.**

**UNIVERSAL RESTORATION, INC., a corporation organized under the laws of the District of Columbia, Defendant.**

**No. M 8–85.**

United States District Court, S. D. New York.

April 19, 1971.

Eaton, Van Winkle & Greenspoon, New York City, for plaintiffs; Samuel N. Greenspoon, William Mellon Eaton, New York City, of counsel.

Stroock & Stroock & Lavan, New York City, for defendant; James H.

Heller, Washington, D. C., Joel H. Sterns, Trenton, N. J., of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiffs Duke Gardens Foundation, Inc. ("the foundation") and Doris Duke ("Duke") move pursuant to Rules 26(c) and 45(b), F.R.Civ.P., for an order vacating the defendant's notice to take the depositions of S. T. Jacobs, Charles Rahilly, and Angelo Ciaramella, and quashing the subpoenas duces tecum served upon them.

On May 22, 1970, plaintiffs commenced an action against defendant in the United States District Court for the District of New Jersey (No. 656–70) for a declaratory judgment that certain proposals for work to be performed by defendant on various greenhouses and related structures owned and operated by the Foundation at the Duke estate at Somerville, New Jersey were not valid and binding contracts between the parties. Plaintiffs allege in their complaint that the proposals, signed by Duke in April, 1970, were induced by defendant's fraudulent misrepresentations concerning the conditions of the greenhouses to be repaired and restored, the competence and experience of defendant in the renovation and reconstruction of greenhouses, and the soundness of defendant's proposed methods of restoration.

The grounds for plaintiffs' motion are that the three proposed witnesses, employees of the Lord & Burnham Division, Burnham Corporation ("Lord & Burnham"), are plaintiffs' experts whom plaintiffs intend to call as witnesses at trial, and that under Rule 26(b) (4), F.R.Civ.P., the proposed witnesses may only be examined pursuant to an order of the court on motion and not pursuant to the notice heretofore served by defendant. Rule 26(b) (4) provides in pertinent part as follows:

"(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b) (1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

"(A) (i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b) (4) (C) of this rule, concerning fees and expenses as the court may deem appropriate."

However, the Note of the Advisory Committee on Civil Rules with respect to Subdivision (b) (4) cautions that

"It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness."

Defendant opposes plaintiffs' motion on the ground that defendant seeks to depose the three Lord & Burnham witnesses "as to the information they gained *as actors*, rather than experts, in connection with the facts at issue in the New Jersey action", and that, accordingly, defendant need not comply with Rule 26(b) (4).

It appears that all of the greenhouses were built by Lord & Burnham and that

during the period since the original construction, Lord & Burnham has been responsible for the major repairs, renovation and upkeep of the greenhouses. Prior to deciding to institute the New Jersey action, plaintiff Duke retained Lord & Burnham to investigate the conditions of the greenhouses and representations made by the defendant. Lord & Burnham selected the three proposed witnesses to perform the investigation. Plaintiffs concede that the Foundation contemplates entering into a contract with Lord & Burnham with respect to some of the greenhouses.

The subjects as to which defendant wishes to examine the three Lord & Burnham employees are:

"—The history and main features of the design, past repair, and renovation by Lord & Burnham of the Duke greenhouses which were the subject matter of the contracts in dispute in the New Jersey action.

—The inspection and assessment of the condition of those greenhouses by Lord & Burnham prior to the commencement of the New Jersey action and the subsequent revision of that assessment by Lord & Burnham.

—Negotiations between plaintiffs and Lord & Burnham concerning the performance by Lord & Burnham of the repair and restoration work which [defendant] Universal was originally to have done."

The information which defendant seeks from the three proposed witnesses was acquired by them as actors in connection with the subject matter of the New Jersey action. Accordingly, their depositions may be taken by defendant pursuant to Rule 30, F.R.Civ.P., within 30 days from the filing of the order to be settled herein.

Since defendant conceded at argument that the outstanding subpoenas duces tecum are defective, defendant will reissue them. In all other respects, plaintiffs' motion is denied.

Settle order on notice.