In re **BROWN COMPANY SECURITIES LITIGATION.**

**M.D.L. No. 67.**

United States District Court, E. D. Louisiana, New Orleans Division.

March 15, 1972.

Paul M. Bernstein, Henry Fogler, New York City, for plaintiffs.

Robert A. Jarvis, Pittsburgh, Pa., David Berger, Philadelphia, Pa., Leon Silverman, Roy L. Reardon, Robert Block, New York City, for defendants.

Stephen A. Weiner, New York City, for deponents.

ALVIN B. RUBIN, District Judge:

## OPINION ON MOTION TO QUASH SUBPOENA

The plaintiffs' effort to depose employees of Bear, Stearns & Co., is opposed by the defendants and by the deponents, jointly. They seek to quash or limit the subpoena for deposition on the ground that the deponents are within the class of experts from whom discovery is narrowly limited by Rule 26(b) (4) of the Federal Rules of Civil Procedure. Defendants assert that, because "Bear, Stearns & Co." will be called at the trial as an expert witness for the defendants, their employees are therefore within the class of experts for whom Rule 26(b) (4) adopts special restrictions. While no single person is designated by the subpoena, the parties understand that it is addressed to the person or persons having knowledge pertinent to the preparation of the proxy statement issued in May, 1970, and the opinion of Bear, Stearns stated in that solicitation.

The purpose of Rule 26(b) (4) is to prevent a party from building his case with opinions of experts that his opponent engages for assistance and guidance in the preparation of the merits of litigation. It extends only to those experts whose opinions were "ac-quired or developed in anticipation of litigation or for trial."

Certain persons employed by Bear, Stearns & Co., the plaintiffs allege, are potentially significant fact witnesses because they expressed the opinion in the proxy solicitation that the Brown merger was "fair and equitable." The plaintiffs challenge the correctness of that opinion, and indeed it is the alleged lack of its fairness that forms the basis of the plaintiffs' suit.

Plaintiffs contend that Bear, Stearns & Co. did not conduct a reasonable investigation; did not consider relevant factors; was unduly influenced by Gulf and Western in the issuance of its opinion, which was assumed to be independent and unbiased by the stockholders who cast votes approving the merger. The plaintiffs state that they do not now seek to explore any opinion of Bear, Stearns formulated subsequent to the published proxy statement, or prepared for this litigation, but rather the factual basis for the formulation of their opinion as expressed in May, 1970. This was not an opinion developed in anticipation of litigation; rather Bear, Stearns & Co. was "an actor or viewer with respect to (a) transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." Advisory Committee Notes to the 1970 amendments, 48 F.R.D. at 503. See Wright and Miller, 8 Fed.Prac. & Proc. § 2029 at 242, and § 2033 at 258. Moore's Federal Practice ¶ 26.66 [2]; See Russo v. Merck & Co., 21 F.R.D. 237 (D. R.I.1957); Moran v. Pittsburgh—Des Moines Steel, 6 F.R.D. 594 (W.D. Pa.1947).

It is obvious that "Bear, Stearns," as such, could not testify at the trial. Some person holding an official position in that company may well be called by the defendants. This *may* be the same person or persons who formulated the opinion reflected in the 1970 prospectus, and the same person or persons now de-

posed, or it may be another person. But it is irrelevant whether the deponent and the trial expert are the same or different persons because the direction and content of the testimony will differ, and Rule 26(b) (4) refers only to the services of an expert engaged for litigation.

Nor is this a situation where the plaintiffs seek to garner an expert's opinion without proper compensation. If Bear, Stearns did not consider, in fixing its fee for expressing an opinion to the public in the 1970 solicitation, that it might be called on to explain the basis for that opinion, it lacked the foresight that those who render advice in such transactions should exercise.

The plaintiffs should be given an opportunity through deposition to develop testimony with respect to their allegations of the events surrounding the formation of the opinion stated in May, 1970. It may include the amount of compensation paid Bear, Stearns and any benefits derived by them, including, income from making a market in the securities issued. Of course, the scope of that examination may not extend to the deponents' present opinions as experts, nor any opinion concerning current practices.

The motion of defendants and the deponents is thus denied.