Marjorie SULLIVAN, Individually, and in her capacity as personal representative of the Estate of James D. Sullivan, Deceased, and as trustee for Jeffrey E. Sullivan, Robert J. Sullivan, James S. Sullivan, and Kenneth J. Sullivan, Plaintiffs,

v.

STURM, RUGER & COMPANY, INC., a Connecticut Corporation, and James Hehl, Defendants.

No. Cv–77–65–Bu.

United States District Court, D. Montana, Butte Division.

Dec. 5, 1978.

Michael J. Milodragovich of Milodragovich, Dale & Dye, Missoula, Mont., for plaintiffs.

Robert A. Poore of Poore, Roth, Robischon & Robinson, Butte, Mont., for defendants.

## MEMORANDUM

WILLIAM D. MURRAY, Senior District Judge.

This cause comes before the court on dual motions: defendant Sturm, Ruger's motion for a protective order pursuant to Rule 26(c) and plaintiffs' motion for sanctions for failure to make discovery pursuant to Rule 37. The litigation involves the accidental death of James D. Sullivan. Defendant is the manufacturer of the weapon which was involved in the shooting. The two issues for decision in the present motions concern (1) whether, and to what extent, plaintiffs can depose an expert presently employed by defendant who is not going to be called as a witness at trial, and (2) whether sanctions should be imposed against defendant for failing to make the witness available for a deposition previously noticed by plaintiffs.

Witness Hillberg is a firearms expert who has conducted substantial research on gun safety mechanisms, particularly with relation to those used by defendant on its models. The issue of gun safety mechanisms is central in this case and many similar cases involving defendant. At one time, prior to July of 1976, Hillberg was employed by defendant in this case. On July 28, 1976, Hillberg wrote to an attorney in Alaska, Mr. Whiting, who was representing plaintiffs (not the plaintiffs in this lawsuit) in similar actions against defendant. In that letter Hillberg indicated to Whiting a desire to work with Whiting—as an expert for plaintiffs—in the cases Whiting was litigating against defendant. During this period of employment for Whiting, Hillberg performed extensive research and experiments concerning gun safeties as they related to the cases Whiting was litigating. Presumably, Hillberg also relied upon his background and research prepared prior to his employment with Whiting. Subsequently,

Hillberg was again retained by defendant as an independent consultant and expert. Plaintiffs in this action now wish to depose Hillberg for the purposes of this case. Plaintiffs indicate a willingness to limit their deposition to inquiries concerning work done, opinions rendered and documents and matters prepared while he was in Whiting's employ. (Plaintiffs' Reply Memorandum of Sept. 1, 1978, p. 7).

Defendant argues that Rule 26 protects Hillberg from deposition on even those matters. In essence, defendant maintains that because Hillberg was employed by defendant both prior and subsequent to his employment with Whiting, his employment with defendant "brackets" the entire time period and is entitled to protection from discovery. The applicable portions of Rule 26 provide:

"26(b)(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

\*     \*     \*     \*     \*     \*

(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial, and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

Defendant asserts that plaintiffs have not complied with the rigid requirements of Rule 35(b) and could not meet the "exceptional circumstances" burden of 26(b)(4)(B), and therefore are not entitled to depose Hillberg. The court agrees with defendant to this point; however, the central issue for determination is whether defendant can shield Hillberg from being deposed as to facts known and opinions held by Hillberg

prior to his employment with defendant the second time. For the following reasons, the court finds that Hillberg is subject to deposition on such matters and that defendant is responsible for making Hillberg available for deposition.

As the U. S. District Court for the District of Alaska determined in *Barkwell v. Sturm Ruger*, 79 F.R.D. 444 (1978), Rule 26(b)(4)(B) by its terms applies only to "facts known and opinions held by experts . . . acquired or developed in anticipation of litigation . . . ." While Hillberg's knowledge and opinions that plaintiffs seek to discover were developed for litigation, they were not developed for this lawsuit, and more importantly, were not developed for the use of defendant because Hillberg was not in defendant's employ at the time. Consequently, defendant cannot shield Hillberg from deposition on these matters because Rule 26(b)(4) is not applicable.

This holding is similar to that of *Grinnell Corporation v. Hackett*, 70 F.R.D. 326 (D.R. I.1976) wherein the court concluded that two experts who had been retained by one party but who were not expected to testify, could be deposed as to material concerning a master's thesis, the subject matter of which was relevant to the litigation. The court reasoned that because the thesis was not prepared in anticipation of litigation, Rule 26(b)(4)(B) was inapplicable. The rule underlying this decision is if an expert's reports are not prepared in anticipation of litigation, discovery of those reports may commence under the liberal requirements of Rule 26(b)(1) (a showing of relevancy) without the necessity of satisfying the more restrictive requirements of Rule 26(b)(4)(A) or (B) (exceptional circumstances, leave of court or limited exchange of information concerning experts).

This court believes the *Grinnell* rationale should be extended to cover the present situation. The knowledge, opinions and materials plaintiffs seek to discover were not formed and developed by Hillberg for defendant. True, such were prepared in anticipation of litigation; but not in antici-

pation of this lawsuit nor for the defendant in this lawsuit. *See* Annotation, *Pretrial Discovery—Expert's Opinion*, 33 A.L.R.Fed. 403, 429, *et seq.* Therefore, Rule 26(b)(4)(B) does not protect Hillberg from discovery of the knowledge, opinions and materials he held or prepared prior to this second term of employment by defendant.

■  Plaintiffs maintain this court should impose Rule 37 sanctions upon defendant for failing to make Hillberg available for a previously noticed deposition. The court has read the extensive Memorandum in support of such sanctions filed by plaintiffs, and concludes that in the facts of this case, sanctions are not in order. Prior to this date, the court had not yet ruled on the ' protective order sought by defendant. Consequently, defendant was entitled to assume that Hillberg's deposition would not be taken until the court issued a ruling on the motion for a protective order.

So there will be no mistake, the court points out that the sole basis for rejecting sanctions at this time is that the ruling on the protective order had not been made by the time the deposition was noticed. The court does not base its conclusion on defendant's argument that Hillberg is not within the control of defendant insofar as his availability for deposition is concerned. Defendant maintains that Hillberg and not defendant should be held responsible if Hillberg continues to refuse deposition. From all of the facts presented to the court thus far, it is patently clear that defendant is responsible for Hillberg's actions in this litigation. Defendant will be held responsible by this court and will suffer sanctions if Hillberg refuses deposition in the future.

Therefore, the court shall enter an order indicating the following:

Defendant Sturm Ruger's motion for a protective order is denied;

Plaintiffs' motion for sanctions is denied;

Plaintiffs shall be entitled to Hillberg's deposition as soon as a reasonable fee for Hillberg's appearance at such deposition is agreed upon by the parties, or submitted to this court for determination. It is this court's belief that while

defendant is not entitled to a protective order, Hillberg's deposition will still concern his knowledge and opinion as an expert and that he is entitled to receive an expert's fee for his appearance at the deposition;

Defendant shall be held responsible in the future for making Hillberg available for deposition;

Plaintiffs shall be entitled to take Hillberg's deposition by videotape;

Plaintiffs shall be entitled to take Hillberg's deposition in this case in conjunction with depositions of Hillberg in other Sturm Ruger litigation if that is the decision of this court after having had an opportunity to confer with the attorneys for all parties in the four cases over which this court has jurisdiction.

An order finalizing the conclusions in this memorandum shall be filed subsequent to the conference above mentioned.