**AMERICAN BUILDINGS COMPANY,**
Appellant (Defendant Below),

v.

**KOKOMO GRAIN COMPANY, INC.,**
Appellee (Plaintiff Below),

and

**LeMaster Steel Erectors, Inc., Nominal**
**Appellee (Defendant Below).**

No. 34A02–8607–CV–235.

Court of Appeals of Indiana,
Second District.

Rehearing Denied April 30, 1987.

April 13, 1987.

---

Thomas J. Trauring, Fell, McGarvey & Trauring, Kokomo, for appellant.

Glenn D. Commons, David M. Hamacher, David W. Holub, Saul I. Ruman & Associates, Hammond, for appellee Kokomo Grain Co. Inc.

Paul H. Johnson, Jr., Donaldson, Andreoli & Truitt, Lebanon, for appellee LeMaster Steel Erectors, Inc.

SULLIVAN, Judge.

Appellant American Buildings Company (American) appeals an interlocutory order

granting appellee Kokomo Grain Company's (Kokomo) motion to compel discovery. We hold the order to be erroneous in part, and remand for further proceedings.

The litigation stems from the collapse of a grain storage building sold by American to Kokomo. Following the collapse, Kokomo filed its complaint against American alleging breach of contract, negligence, fraud, and strict liability in tort for defective engineering, design, manufacturing, erection and construction of the building.

In the course of discovery, Kokomo filed a request for production by American of all investigative reports and notes made by American, or on its behalf, regarding six prior similar failures of buildings sold by American. Kokomo specifically requested the report of Jim Fisher, an expert hired by American to analyze the collapse of a building in Wisconsin similar to the building sold by American to Kokomo. American objected to the request, asserting that the documents sought were irrelevant and protected by the work-product doctrine. Kokomo moved for an order compelling discovery, and the court granted the motion as follows:

"THE COURT NOW ORDERS THE FOLLOWING:

Motion Requesting Extension of Deadline to Complete Discovery is granted all as per written order.

Court having taken under advisement the plaintiff's motion to compel, now grants said motion and orders the defendant to comply therewith save and except those matters which are the work product of the attorneys on any and all cases that were actually filed and active at the time the information sought was determined. The court finds that all other memorandums, testing results and the like are relevant to the case at bar and are discoverable as non-work product. Court finds that this order is an interlocutory order and contains a substantial question of law, the early determination of which will produce a more orderly disposition of the case, and finds that remedy by appeal after judgment is inadequate pursuant to Indiana Rules of Procedure 4(B), 6(B)(C). Court notifies counsel."

American perfected this interlocutory appeal to challenge the order.

American argues that the order is in error in that it (1) permits discovery of work product from previously terminated litigation, (2) requires a case to have been actually filed and active at the time a document was created in order for the document to qualify as work product, and (3) limits the work-product doctrine to work product of attorneys. Kokomo argues that the order is not in error because American has failed to carry its burden of demonstrating that the items sought are work product.

At the outset it must be noted that a trial court is vested with considerable discretion in matters of discovery. *CIGNA–INA/Aetna v. Hagerman-Shambaugh* (1985) Ind.App. 3d Dist., 473 N.E.2d 1033, 1036.

It must also be pointed out that while both parties couch their arguments in terms of the work-product doctrine, this case also involves the requested production of a document prepared by an expert in anticipation of litigation. The concepts are distinct. The discovery of work product and matters from experts are governed by separate provisions within Trial Rule 26. Trial Rule 26(B)(3) codifies the work-product doctrine and provides in pertinent part as follows:

"(3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (B)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (B)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery

of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

Subdivision (B)(4) provides for the discovery from experts. For purposes of this case, the relevant section of the subdivision is 26(B)(4)(b), which provides as follows:

"(b) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(B) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

■ Our Trial Rule 26 is adopted from the Federal Rules of Civil Procedure. Federal authorities, therefore, are relevant in our discussion. *Coster v. Coster* (1983) Ind.App. 1st Dist., 452 N.E.2d 397. The Advisory Committee Notes to Federal Rule 26(b)(4) state that the subdivision's provisions, "reject as illconsidered the decisions which have sought to bring expert information within the work product doctrine." *See also In re I.B.M. Peripheral EDP Devices Antitrust Litigation* (1977) N.D.Cal., 77 F.R.D. 39, 42 ("[T]he work product rule does not apply to experts....") Additionally, it has been held that because of the specific provisions of Federal Rule 26(b)(4) with respect to experts, the more general provisions of Federal Rules 26(b)(1) and 26(b)(3) are not controlling on the issue of production of experts' reports. *Quadrini v. Sikorsky Aircraft Div., United Aircraft Corp.* (1977) D.Conn., 74 F.R.D. 594. Thus, when discussing the discovery of facts known and opinions held by an expert, we are not concerned with a branch of the work-product doctrine but rather a separate exception to the general rule codified by T.R. 26(B)(1) that all relevant matters are discoverable.

■ Because the rule governing discovery of materials from experts is distinct from the rule governing discovery of work product, our inquiry with respect to the report prepared by Jim Fisher is not whether the work-product exception to the general discovery rule of 26(B)(1) applies to work product prepared in anticipation of prior litigation, but whether the 26(B)(4) exception applies to experts retained in anticipation of prior litigation. We hold that it does not.

This is a question of first impression in Indiana and the authorities construing T.R. 26(B)(4) are few. However, there is federal authority which is helpful in the resolution of the issue.

In *Grinnell Corp. v. Hackett* (1976) D.R.I., 70 F.R.D. 326, the defendant sought to depose the plaintiff's experts. The court determined that the experts could be deposed concerning a report which had not been prepared in anticipation of litigation but which was going to be introduced as evidence at trial. "Since the information sought from their experts was not acquired in anticipation of litigation or for trial, Rule 26, as I interpret it, would permit their deposition if the liberal requirements of Rule 26(b)(1) are satisfied without necessitating the satisfaction of the more restrictive requirements of Rule 26(b)(4)(A) or (B)." *Id.* at 351. Although there was no contention in *Grinnell* that the information sought had been prepared in anticipation of prior litigation, the *Grinnell* court's construction of Rule 26(b)(4) led it to conclude "that discovery of experts is to be limited only insofar as the information sought was obtained for the very purpose of preparing *for the litigation in question.*" *Id.* at 332 (Emphasis supplied).

The court in *Virginia Electric & Power Co. v. Sun Shipbuilding & Dry Dock Co.* (1975) E.D.Va., 68 F.R.D. 397, made reference to the Advisory Committee notes in construing the rule and reached a conclusion similar to that reached by the court in *Grinnell.*

"Referring to Subdivision (b)(4) as a whole, the Committee observed:

This is a new provision dealing with discovery of information (including facts and opinions) obtained by a party from an expert *retained by that party in relation to litigation....* (Emphasis supplied).

This explanation, applied to the whole of Subdivision (b)(4), indicates that when an expert is referred to anywhere in the Subdivision, such reference contemplates an expert who has been retained *for purposes of the pending litigation.*" *Id.* at 406–7 (Emphasis supplied).

In *Sullivan v. Sturm, Ruger & Co., Inc.* (1978) D.Mont., 80 F.R.D. 489, the plaintiff sought to depose an expert employed by the defendant weapons manufacturer. The expert had been employed by a plaintiff in a previous similar action against the same defendant weapons manufacturer. The plaintiffs in the subsequent action indicated that they would limit their deposition to inquiries concerning work done by the expert while employed by the plaintiff in the previous litigation. The court relied on *Grinnell, supra,* 70 F.R.D. 326, to hold that the expert was not protected by 26(b)(4)(B).

"This court believes the *Grinnell* rationale should be extended to cover the present situation. The knowledge, opinions and materials plaintiffs seek to discover were not formed and developed by Hillberg for defendant. True, such were prepared in anticipation of litigation; but not in anticipation of this lawsuit nor for the defendant in this lawsuit." *Id.,* 80 F.R.D. at 491.

■ Our reading of Indiana Trial Rule 26(B)(4) leads us to the same conclusion reached by the cases cited above—that the protection granted materials from experts does not extend to facts known or opinions held by an expert retained or specifically employed in anticipation of prior litigation. Subsection (a) of T.R. 26(B)(4) clearly applies only to experts retained in anticipation of the pending litigation:

"(a)(i) A party may through interrogatories require any other party to identify each person *whom the other party expects to call as an expert witness at trial,* to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." (Emphasis supplied).

This future reference to the trial clearly limits application of this provision to experts retained for the purposes of the pending litigation. The same future reference to a trial is present in subsection (b) of the rule:

"(b) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial *and who is not expected to be called as a witness at trial,* only as provided in Rule 35(B) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." (Emphasis supplied).

The only logical interpretation of this subsection is that the trial in preparation of which the expert was hired, and the trial at which the expert is not expected to be called, are one and the same trial. It is impossible for an expert not to be expected to be called as a witness in a trial which has already taken place. Thus, 26(B)(4)(b) does not apply to expert witnesses retained or specifically hired in anticipation of prior litigation.[1] The report prepared by Jim

---

1. We are aware of one case in which the protection of 26(B)(4) was extended to experts retained in anticipation of prior litigation. However, the case involved exceptional circumstances which are not present in the case before us.

In *In re "Agent Orange" Product Liability Litigation* (1985) E.D.N.Y., 105 F.R.D. 577, the plaintiff sought to depose experts who had been retained by the defendant in anticipation of an action which had already been settled. However, the settled action was part of the same multidistrict litigation as the case before the *In re "Agent Orange"* court. The court held that Federal Rule 26(b)(4) controlled discovery of the experts.

"Given the legal and factual similarities, the involvement of many of the same parties, and

Fisher was not protected from discovery by T.R. 26(B)(4)(b).

A determination that items are not protected by T.R. 26(B)(4) does not necessarily preclude a determination that the same materials are protected from discovery under T.R. 26(B)(3). *Virginia Electric & Power Co., supra,* 68 F.R.D. 397. However, in this case it is clear that the Fisher report does not fall within the ambit of 26(B)(3), even though 26(B)(3) may protect work product prepared in anticipation of prior litigation. Trial Rule 26(B)(3) protects documents and tangible things prepared in anticipation of litigation by a party or the party's representative, including his attorney, consultant, surety, indemnitor, insurer, or agent.

■ Fisher was an expert retained by American rather than a representative of American. It could be argued that Fisher was a consultant. However, in the context of Trial Rule 26(B)(3) a consultant must do more than simply provide information. A consultant provides advice. One who provides advice does so in order to aid the party he is advising. The two are teamed in an effort to achieve a successful result. In contrast, the primary function of an expert is to provide information. "[A]n expert is expected to owe his allegiance to his calling and not to the party employing him." *Virginia Electric & Power Co., supra,* 68 F.R.D. at 406. In this case, there is nothing of record to indicate that Fisher served American in any role other than that of expert. He provided American with his expert opinion as to the reason for the Wisconsin building collapse. He did not advise American in its preparation for litigation. He was not a consultant and his opinion and report were not protected by T.R. 26(B)(3).

■ Because the report prepared by Fisher is not protected either by T.R. 26(B)(3) or T.R. 26(B)(4), it is discoverable under the general provisions of T.R. 26(B)(1).[2] *See Grinnell Corp., supra,* 70 F.R.D. 326; *Sullivan, supra,* 80 F.R.D. 489. There can be no doubt that the Fisher report is relevant.

"[R]elevancy for the purposes of discovery is not the same as relevancy at trial. A document is relevant to discovery if there is the possibility the information sought may be relevant to the subject matter of the action." *CIGNA–INA/Aetna v. Hagerman-Shambaugh, supra,* 473 N.E.2d at 1036 (citations omitted).

The reasons for the previous collapse of a building similar to that purchased by Kokomo might closely approximate the circumstances or conditions surrounding the Kokomo collapse. The Fisher report is, therefore, discoverable.

We now consider the other documents sought to be protected by American under the work-product doctrine of T.R. 26(B)(3).[3] These other documents, like the Fisher report, were apparently prepared in anticipation of prior litigation. However, our holding that the protections of T.R. 26(B)(4) apply only to experts retained in anticipation of pending litigation does not mandate a similar interpretation with regard to T.R. 26(B)(3). As noted, the exceptions to the general discovery provision of T.R. 26(B)(1)

the procedural realities of the M.D.L. process, it is reasonable to interpret Rule 26(b)(4) to reach experts retained by a party for trial preparation in a closely related case that is before the court as part of the same multidistrict litigation." *Id.* at 580.

2. Trial Rule 26(B)(1) provides:
"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

3. The work-product doctrine has its roots in *Hickman v. Taylor* (1947) 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and that case's progeny. A 1970 amendment to the Federal Rules of Civil Procedure, Rule 26(b)(3), codified the doctrine announced in *Hickman* and refined by subsequent cases. 8 Wright & Miller, *Federal Practice and Procedure* § 2023 (1970).

which are provided for work product and experts are distinct. Restrictions upon the discovery of materials from experts imposed by 26(B)(4) are designed to guard against the danger that one party will unfairly use another party's experts to prepare his case. Annot., 33 A.L.R.Fed. 403, 420. Thus, the concern underlying the exception is the maintenance of fairness in a particular adversarial proceeding. In contrast, the rationale supporting the work-product doctrine goes to the heart of the attorney-client relationship.

> "The primary purpose of the work product privilege is to assure that an attorney is not inhibited in his representation of his client by the fear that his files will be open to scrutiny upon demand of an opposing party. Counsel should be allowed to amass data and commit his opinions and thought processes to writing free of the concern that, at some later date, an opposing party may be entitled to secure any relevant work product documents merely on request and use them against his client. The work product privilege would be attenuated if it were limited to documents that were prepared in the case for which discovery is sought. What is needed, if we are to remain faithful to the articulated policies of *Hickman,* is a perpetual protection for work product, one that extends beyond the termination of the litigation for which the documents were prepared. Any less protection would generate the very evils that the Court in *Hickman* attempted to avoid." *In re Murphy* (1977) 8th Cir., 560 F.2d 326, 334.

■ The rationale of the *Murphy* court is persuasive. Accordingly, we hold that the work-product doctrine applies to items prepared in anticipation of prior litigation. Our holding is in accord with the majority of federal cases which have considered the question. *See* Annot., 41 A.L.R.Fed. 123 (1979). *See also* 10 Federal Proc., L.Ed. § 26:41 ("The older view that the work product privilege extends only to documents prepared in anticipation of the instant litigation has given way to the modern view that the work product privilege extends to documents prepared in anticipa-

tion of any litigation, not just the instant litigation.")

We recognize the apparent inconsistency between our holding that 26(B)(3) applies to prior litigation and our holding that 26(B)(4) does not. However, we must reiterate that, despite their presence within the same trial rule, 26(B)(3) and 26(B)(4) are independent exceptions to the general discovery provision. Given the intent of Trial Rule 26(B)(3) and 26(B)(4), it is not logically possible to harmonize the meaning of "in anticipation of litigation" within the two sections.

■ American next argues that a case need not have been filed and active at the time a document was created in order for the document to be considered work product. Indiana Trial Rule 26(B)(3) requires that the document be created "in anticipation of litigation." Courts and commentators have offered a variety of formulas in an effort to define more precisely the term "in anticipation of litigation." *See* 23 Am. Jur.2d, *Depositions and Discovery* § 53 (1983). While these authorities have failed to establish a clear line between those documents which are prepared in anticipation of litigation and those which are not, they have made clear that a case need not actually be filed at the time the document is produced in order for work-product protection to attach. " 'Indisputably, the work-product doctrine extends to material prepared or collected before litigation actually commences.' " *CIGNA–INA/Aetna v. Hagerman-Shambaugh, supra,* 473 N.E.2d at 1037, *quoting In re Grand Jury Investigation* (1979) 3d Cir., 599 F.2d 1224, 1229.

The work-product doctrine does extend to documents created prior to the actual filing of a case. However, the question remains as to when a document becomes a document prepared in anticipation of litigation. While there is no precise way to answer in every case, the test suggested by Professors Wright and Miller draws as clear a line as possible.

> "Prudent parties anticipate litigation, and begin preparation prior to the time

suit is formally commenced. Thus, the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because* of the prospect of litigation." 8 Wright & Miller, *Federal Practice & Procedure* § 2024 at 198 (1970).

■ American is also correct in its contention that the work-product doctrine, notwithstanding its genesis in the attorney-client relationship, protects the work product of persons other than attorneys. Trial Rule 26(b)(3) applies to documents prepared in anticipation of litigation "by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent)...."

> "The work product provision codified in the Federal Rules and comparable state rules is not confined to information gathered or assembled by a lawyer. In giving non-lawyers equal status with lawyers for the purposes of 'in anticipation of litigation' in the 1970 amendment to Rule 26, it was not the Advisory Committee's goal to widen or narrow the scope of the basic work product doctrine, but rather to require a showing of relevancy and need for the production of trial preparation materials whether they are prepared by an attorney or by the party or his agent." 23 Am.Jur.2d, *Depositions and Discovery* § 51 (1983).[4]

Our agreement with American's interpretation of the work-product doctrine does not necessarily lead to a conclusion that the documents are protected against discovery. As stated in 8 Wright & Miller, *Federal Practice and Procedure* § 2024: "In order

to come within the qualified immunity from discovery created by Rule 26(b)(3) three tests must be satisfied. The material must be:

> "1. 'documents and tangible things;'
> 2. 'prepared in anticipation of litigation or for trial;' and
> 3. 'by or for another party or by or for that other party's representative.' "

Kokomo argues that American failed to satisfy these tests, and specifically argues that American failed to show that the materials sought were prepared in anticipation of litigation. Thus, it is asserted that the documents American sought to protect never came within the ambit of T.R. 26(B)(3) and were therefore properly discoverable.

Resolution of the work-product claim might perhaps best be described as a three-step process of shifting burdens. In actuality, however, the focus is not so compartmentalized. It is more often than not required to be viewed in a totality. It is nevertheless helpful to consider the requirements in terms of burdens falling upon the respective parties.

■ In the first step, the party seeking discovery serves upon the other party a request to produce the documents sought pursuant to Trial Rule 34.[5] The burden at this stage is upon the party seeking discovery to describe the items sought with reasonable particularity. In the second step, the burden is upon the party resisting discovery to make a prima facie showing that the documents are protected by the work-product doctrine as defined by T.R. 26(B)(3). If that showing is adequately made, the party seeking discovery must show "substantial need" of the materials

---

**4.** One might appropriately suggest that extension to materials prepared by persons other than attorneys does indeed widen the scope of the work-product protection. The fact remains, however, that the language of the rule itself does precisely that.

**5.** Trial Rule 34 provides in pertinent part:

> "(A) Scope. Any party may serve on any other party a request:
> (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated doc-

uments (including, without limitation, writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which intelligence can be perceived, with or without the use of detection devices) or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(B) and which are in the possession, custody or control of the party upon whom the request is served...."

and an inability to obtain a substantial equivalent without "undue hardship."

The determinative process of the trial court is not triggered unless the discovery petitioner demonstrates with reasonable specificity the nature and extent of the discovery materials sought. If the court may not summarily deny discovery upon the grounds that the petition is clearly and patently a fishing expedition, it then falls to the opposing party to come forward with a prima facie demonstration that the materials sought fall within the work-product protection. If such showing is not made the court should grant discovery even though the petitioner has not shown that the materials are essential and not otherwise available.

If a prima facie showing of work-product has been shown, the trial court may then require the demonstration of necessity, failing which the court should deny discovery.

Of course, a discovery petitioner may properly make its two assertions at the same time. It may seek to demonstrate the necessity component of the equation in the contingent expectation that the opposing party might assert a work-product protection. In such event, if the contingency does not occur, the court need not and should not consider whether the petitioner has shown necessity.

▮ Kokomo successfully met its burden in the first step of the process by requesting, "All investigative reports and notes made by American Buildings or any one on American Buildings' behalf regarding the six other building collapses referred to in response to previous Interrogatories submitted to plaintiff." While Kokomo's request in this regard was far from specific, it was sufficient to meet the reasonable particularity standard. As stated in 8 Wright & Miller, *Federal Practice and Procedure* § 2211 (1970): "Even a generalized designation should be sufficient when the party seeking discovery can not give a more particular description and the party from whom discovery is sought will have no difficulty in understanding what is

wanted." In this case, Kokomo could not reasonably know what reports were prepared regarding the previous building collapses. Kokomo's request was therefore sufficiently specific enough to advise American what was wanted.

The question thus becomes whether American met its burden in attempting to bring the documents within the work product protection of Rule 26(b)(3). There is a paucity of authority detailing what a party must do to meet this burden. However, it is clear that a party must do more than merely claim that the requested documents constitute work product. "A party may not simply claim that materials have been prepared in anticipation of litigation; it must specify the basis for the objection and the items of work product involved." 4 Moore's Federal Practice § 26.64[2]. *See also In re Shopping Carts Antitrust Litigation* (1982) S.D.N.Y., 95 F.R.D. 299, 306 ("[D]efendants have the burden of establishing that any requested information is protected. They have not attempted to do so beyond this unspecific and generalized objection.")

▮ In this case, American has failed to meet its burden with respect to the documents sought by Kokomo. Kokomo requested "[a]ll investigative reports and notes made by American Buildings or any one on American Buildings' behalf regarding the six other building collapses...." American objected asserting that the documents Kokomo sought to discover were work product. Additionally, John Norton stated in his affidavit that the documents sought by Kokomo were prepared in anticipation of litigation and contained mental impressions, conclusions, opinions, or legal theories of an attorney or another representative of American concerning the anticipated litigation. At no time did American specify the items of work product involved or the litigation for which the alleged work product was prepared. American's general work-product objection was insufficient to establish, even prima facie, that the material requested was protected.

Absent a sufficiently specific objection, it is impossible to determine whether any of the documents sought by Kokomo are discoverable merely upon a showing of relevance under 26(B)(1) or upon a showing of substantial need and undue hardship under 26(B)(3). Additionally, the documents sought may enjoy a near absolute immunity from discovery under 26(B)(3) if they contain the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the ligitation. *In re Murphy, supra*, 560 F.2d 326. We simply are unable to determine whether the documents are discoverable based upon American's vague work-product objection.

It is impossible to affirm or reverse the order of the trial court. The order is that all documents other than those which constitute attorney work-product on cases active at the time of the discovery request are discoverable. We have detailed our disagreement with the trial court's apparent interpretation of the breadth of the work-product doctrine. However, we cannot reverse the order because the order does nothing to change the status of the parties. The order simply conveys an incorrect definition of the work-product doctrine and leaves to the parties the determination of which documents fall within the trial court's definition.

More specifically, the order fails to determine which, if any, of the documents are discoverable and which therefore must be produced. Conversely, the order fails to determine which, if any, of the documents are work-product, or otherwise protected from discovery.

Because we cannot reverse the effect of an order which has no effect, we remand the matter to the trial court. However, we do approve the order to the extent that it may be construed to require production of the Fisher report.

With regard to the other documents sought by Kokomo, the matter is remanded for a ruling upon the production of those documents in a manner not inconsistent with this opinion.

Costs are hereby assessed against the appellant.

SHIELDS, P.J., and BUCHANAN, J., concur.