ATTORNEYS FOR PETITIONER:
**RANDAL J. KALTENMARK**
**ZIAADDIN MOLLABASHY**
BARNES & THORNBURG, LLP
Indianapolis, IN

**MARK S. BERNSTEIN**
**MATTHEW F. SINGER**
BARACK FERRAZZANO KIRSCHBAUM
& NAGELBERG, LLP
Chicago, IL

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
INDIANA ATTORNEY GENERAL
**JOHN P. LOWREY**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

**FILED**
Jan 30 2015, 2:14 pm
**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# INDIANA TAX COURT

| | | |
|---|---|---|
| BRANDENBURG INDUSTRIAL SERVICE COMPANY, an Illinois corporation, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Cause No. 49T10-1206-TA-37 |
| INDIANA DEPARTMENT OF STATE REVENUE, | ) ) ) | |
| Respondent. | ) ) | |

## ORDER ON PETITIONER'S MOTION TO COMPEL INTERROGATORY RESPONSE AND MOTION TO COMPEL PRODUCTION OF NON-PRIVILEGED DOCUMENT

**FOR PUBLICATION**
**January 30, 2015**

WENTWORTH, J.

Brandenburg Industrial Service Company has moved to compel the Indiana Department of State Revenue to disclose both its potential non-expert witnesses and two-pages of handwritten notes prepared by one of its employees. While the Court will not compel the Department to disclose its potential non-expert witnesses, it orders the

Department to produce the two-pages of handwritten notes.

## FACTS AND PROCEDURAL HISTORY

Brandenburg, an Illinois corporation, processes and sells ferrous and non-ferrous scrap metals that it acquires through its environmental remediation and structure demolition work. (See Pet'r First Am. Pet. Refund Sales & Use Tax ("Pet'r First. Am. Pet.") ¶¶ 5, 8, 10.) Brandenburg uses a variety of equipment and consumable items to process the metals, which it periodically modifies and stores in a facility in Gary, Indiana. (See Pet'r First Am. Pet. ¶¶ 12-13.) During the 2006 and 2007 tax years, Brandenburg remitted approximately $150,000 in sales/use tax to the Department on its equipment and consumable items purchases. (See Pet'r First Am. Pet. ¶¶ 2-3, 14-16.)

On December 30, 2009, Brandenburg filed a refund claim, asserting that some of its 2006 purchases were actually exempt from sales/use tax under either Indiana Code § 6-2.5-3-2(e) (the Temporary Storage Exemption) or Indiana Code § 6-2.5-5-3(b) (the Equipment Exemption). (See Pet'r First. Am. Pet. ¶ 25, Ex. H.) On December 28, 2010, Brandenburg filed a second and third refund claim with the Department. In the second refund claim, Brandenburg asserted that some of its 2007 purchases were exempt from sales/use tax under the Temporary Storage or Equipment Exemptions. (See Pet'r First Am. Pet. ¶ 17, Ex. A.) In the third refund claim, Brandenburg asserted that Indiana Code § 6-2.5-5-5.1(b) (the Consumption Exemption) exempted additional purchases made in 2007 from sales/use tax. (See Pet'r First Am. Pet. ¶ 26, Ex. I.) On December 30, 2010, Brandenburg filed a fourth refund claim in which it asserted that more of its 2007 purchases were also entitled to the Consumption Exemption. (See Pet'r First Am. Pet. ¶ 18, Ex. B.)

Despite the fact that Brandenburg's first and second refund claims sought relief for similar purchases based on the same theories, the Department approved the first and issued a refund, but denied the second. (See Pet'r First Am. Pet. ¶¶ 19, 27, Exs. C, J.) Similarly, the Department approved Brandenburg's third refund claim and issued the refund, but denied its fourth refund claim. (See Pet'r First Am. Pet. ¶¶ 20, 28, Exs. D, K.)

Brandenburg protested the Department's denials of its second and fourth refund claims. (See Pet'r First Am. Pet. ¶¶ 21-22, Exs. E-F.) On March 27, 2012, after holding a hearing, the Department denied Brandenburg's protests. (See Pet'r First Am. Pet. ¶¶ 23-24, Ex. G.) On June 22, 2012, Brandenburg appealed to this Court by filing a Petition For Refund Of Sales and Use Taxes. (See Pet'r Pet. Refund Sales & Use Taxes.)

About two months later, on August 23, 2012, the Department sent Brandenburg a letter explaining that it had granted Brandenburg's first and third refund claims in error, but if Brandenburg would remit within ten days the amount of the erroneously issued refunds, it could avoid paying penalties and interest. (See Pet'r First Am. Pet., Ex. L.) On August 27, 2012, the Department issued notices of proposed assessment to Brandenburg for the sales/use tax erroneously refunded, including interest and penalties. (See Pet'r First Am. Pet., Exs. M-O.) Brandenburg protested the proposed assessments, and the Department denied Brandenburg's protest on October 22, 2012. (See Pet'r First Am. Pet., Exs. P, Q.) Brandenburg subsequently filed a motion with the Court seeking leave to amend its Petition to incorporate its claims concerning the first and third refund claims, which the Court granted.

3

On November 13, 2012, Brandenburg, consistent with the terms provided in the parties' Joint Case Management Plan, served the Department with its First Set of Interrogatories and First Request for Production of Documents. (See Pet'r Mem. Supp. Mot. Compel Interrog. Resp. ("Pet'r Interrog. Br.") at 1; Pet'r Mem. Supp. Mot. Compel Produc. Non-Privileged Doc. ("Pet'r Produc. Br."), Ex. I at 12.) The Department's responses to Brandenburg's Interrogatory Number 16 and Request For Production Number 3 are the subjects of Brandenburg's motions to compel.

## Interrogatory Number 16

In Interrogatory Number 16, Brandenburg asked the Department to

> Identify each Person whom you expect to call as a non-expert witness in this matter, and for each person identified, state (1) the subject matter on which he or she is expected to testify and (2) the substance of the facts on which he or she is expected to testify.

(Pet'r Interrog. Br., Ex. G at 2.) The Department, while reserving the right to supplement its response, answered Interrogatory Number 16 as follows:

> a. As yet unidentified representative(s) of the Indiana Department of State Revenue.
>
> b. As yet unidentified representative(s) of [Brandenburg].
>
> c. Any witness that is or may be identified by [Brandenburg].
>
> d. Any witness required for the purpose of authenticating or laying the foundation for exhibits.
>
> e. Any witness required to rebut or impeach [Brandenburg's] evidence or witness testimony.

(See Pet'r Interrog. Br., Ex. G at 2.)

On December 31, 2012, Brandenburg sent the Department a letter, requesting that it not only supplement its response to Interrogatory Number 16, but also attend a

Trial Rule 26(F) meeting to discuss their discovery dispute. (See Pet'r Interrog. Br., Ex H at 1-7.) After the Trial Rule 26(F) meeting on January 3, 2013, the Department supplemented its response to Interrogatory Number 16 by indicating that it may call its Audit Review Supervisor as a non-expert witness to testify about the Department's audit and its audit review process (both in general and with respect to this particular case). (See Pet'r Interrog. Br., Exs. J. at 3, M at 1.) The Department attached a cover letter to its supplemental response that indicated, however, that it did not audit Brandenburg. (See Pet'r Interrog. Br., Ex. I at 2.) Finally, the Department's supplemental response provided that it would designate a Trial Rule 30(B)(6) witness if Brandenburg served a Notice of Deposition upon the Department. (See Pet'r Interrog. Br., Ex. J at 3.)

On January 23, 2013, Brandenburg served the Department with a Notice of Rule 30(B)(6) Deposition, requesting it to designate, among other things, an individual who could testify about the identity of the Department's potential non-expert witnesses and the subject matter and factual basis of their testimony. (See Pet'r Interrog. Br., Ex. K at Ex. A ¶ 24.) When the Department's Rule 30(B)(6) witness appeared for the deposition, however, he did not provide any additional information about the Department's potential non-expert witnesses beyond what had already been disclosed in the Department's supplemental response to Interrogatory Number 16. (See generally Pet'r Interrog. Br., Ex. L (demonstrating that the deponent repeatedly answered questions by stating "not sure").)

**Request for Production Number 3**

In Request for Production Number 3, Brandenburg asked the Department to produce

> All Documents that were obtained, consulted, created, or used by the Department or its employees, agents, or auditors in connection with the Department's investigation or approval of Brandenburg's [first and third refund claims].

(See Pet'r Produc. Br., Ex. I at 6; Pet'r First. Am. Pet., Exs. H-I).) In response, the Department produced some documents, but objected to the production of others. Specifically, the Department claimed that certain handwritten notes and e-mails described in Entries Numbers 6 through 8 of its Privilege Log were shielded from discovery pursuant to Indiana Code § 5-14-3-4(b)(6) and the deliberative process and work-product privileges. (See Pet'r Produc. Br., Exs. O, K at 3-4.) After the parties discussed the matter, the Department produced the e-mails described in Entries Numbers 7 and 8 of its Privilege Log, but it did not produce the handwritten notes described in Entry Number 6 of its Privilege Log. (See Pet'r Produc. Br., Ex. J; Pet'r Interrog. Br., Exs. M-N.)

On April 26, 2013, Brandenburg filed a Motion to Compel Interrogatory Response as well as a Motion To Compel Production Of Non-Privileged Document. On July 17, 2013, the Court held a hearing on the motions. Additional facts will be supplied as necessary.

## LAW

Discovery is the process by which litigants ascertain the existence of previously unknown material facts by allowing a liberal exchange of information essential to litigate all relevant issues, to eliminate surprise, and to promote settlement. See Popovich v. Indiana Dep't of State Revenue (Popovich I), 7 N.E.3d 406, 411 (Ind. Tax Ct. 2014); Trost-Steffen v. Steffen, 772 N.E.2d 500, 512 (Ind. Ct. App. 2002), trans. denied. "Discovery is designed to be self-executing with little, if any, supervision [or intervention]

6

of the court." <u>Trost-Steffen</u>, 772 N.E.2d at 512 (citation omitted). Nonetheless, Indiana Trial Rule 37 provides that if the discovery process breaks down or is inadequate, a party may request court intervention by filing a motion to compel. <u>See</u> Ind. Trial Rule 37(A) (stating that "[a] party upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery"). The Tax Court is accorded broad discretion in reviewing these types of discovery enforcement motions. <u>See</u> <u>Popovich I</u>, 7 N.E.3d at 412.

## ANALYSIS

### I. Motion to Compel Interrogatory Response

Brandenburg asks the Court to compel the Department to fully answer Interrogatory Number 16 by identifying all potential non-expert witnesses and describing their testimony. (<u>See</u> Pet'r Interrog. Br. at 8-10.) Brandenburg explains that because the Department's answer is incomplete, it will prejudice Brandenburg by forcing it "to litigate this matter in the dark" and may deprive it of sufficient time to make an informed decision about, among other things, whom to depose.[1] (<u>See</u> Pet'r Interrog. Br. at 9-10.) The Department claims that Brandenburg's motion should be denied, however, because it has already given a complete answer to Interrogatory Number 16 by identifying its Audit Review Supervisor as the sole non-expert witness that it expects to call and summarizing the content of her testimony. (<u>See</u> Resp't Resp. Pet'r Mot. Compel Interrog. Resp. ("Resp't Interrog. Resp. Br.") at 1-2.)

As an initial matter, this dispute over the identity of the Department's potential non-expert witnesses could have been resolved without Court intervention had the

---

[1] Alternatively, Brandenburg has requested that the Court limit the Department's non-expert trial witnesses to its Audit Review Supervisor. (<u>See</u> Pet'r Mem. Supp. Mot. Compel Interrog. Resp. at 10.)

7

parties more fully discussed their intentions and barriers. Nonetheless, the Court does not find that the parties' dispute was the result of the Department's intentional obfuscation or Brandenburg's suppressive use of the trial rules. Instead, the Court finds that Brandenburg's motion seeks reinforcement of the purpose of the discovery rules – to allow a free exchange of fact information and to permit each party to prepare its case for trial without concerns about trial by surprise or ambush. See Whitaker v. Becker, 960 N.E.2d 111, 115 (Ind. 2012); Popovich I, 7 N.E.3d 414.

The Department identified an individual as its non-expert witness who may not be able to testify regarding the facts of this case because no audit was conducted and she apparently had no direct knowledge of the dealings between Brandenburg and the Department. (See Hr'g Tr. at 43-45.) While the failure to identify a relevant witness in response to Interrogatory Number 16 may increase the likelihood of the appearance of a last minute Department witness, it could also indicate, for example, that the Department's trial strategy will focus more on the cross-examination, rather than the direct examination, of witnesses. Brandenburg's concerns of being prejudiced by the appearance of an undisclosed witness later brought forward seem to be adequately addressed, however, by the procedures set forth in the parties' case management plan or Indiana Trial Rule 16. (See, e.g., Pet'r Interrog. Br., Ex. C ¶ 6 (providing that the parties could depose witnesses that either party failed to disclose under their vacated case management plan).) See generally Ind. Trial Rule 16; see also Daub v. Daub, 629 N.E.2d 873 (Ind. Ct. App. 1994) (stating that the question of whether particular witnesses should be excluded from testifying because they were not submitted in a list of witnesses is committed to the discretion of the trial court), trans. denied. Moreover,

8

Interrogatory Number 16 indicates that the required identification of witnesses was for witnesses then known by the Department. (See Pet'r Interrog. Br., Ex. G at 2.) Because the facts do not show that the Department knew of other witnesses when it answered Interrogatory Number 16, the Court will not require more of the Department at this time. Accordingly, the Court finds that the Department has adequately answered Interrogatory Number 16 and it will not compel the Department to identify any additional potential non-expert witnesses.

## II. Motion to Compel Production of Non-Privileged Document

Next, Brandenburg asks the Court to compel the Department to produce the two-pages of handwritten notes that the Department identified as responsive to Brandenburg's Request for Production Number 3. (See Pet'r Produc. Br. at 5-6.) The Department, on the other hand, claims that disclosure of these notes is unnecessary because they are not relevant to the subject-matter of this case and even if they were, they are shielded from discovery pursuant to Indiana Code § 5-14-3-4(b)(6), the deliberative process privilege, and the work-product privilege. (See Resp't Resp. Pet'r Mot. Compel Produc. Non-Privileged Doc. ("Resp't Produc. Resp. Br.") at 2-17.)

### Relevance

Indiana Trial Rule 26(B) indicates that the scope of discovery generally includes

> any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Ind. Trial Rule 26(B)(1). Accordingly, relevancy for purposes of discovery and relevancy

for purposes of trial differ; "'a document is relevant to discovery if there is the <u>possibility</u> that the information sought may be relevant to the subject[-]matter of the action.'" <u>Popovich I</u>, 7 N.E.3d at 413 (citation omitted).

The Department claims that the two-pages of handwritten notes that Brandenburg seeks are not relevant for two reasons.[2]  The Department first claims that the notes are not relevant to the subject-matter of this case because they do not indicate whether Brandenburg acts as a manufacturer when it processes scrap metal, which is a key statutory prerequisite to qualifying for the exemptions that Brandenburg seeks.  (<u>See</u> Resp't Produc. Resp. Br. at 2, 4-5; Hr'g Tr. at 63.)  The failure to provide information about a statutory requirement, however, does not mean the notes lack relevance for all other purposes.  Indeed, the notes may contain information about the Department's rationale for denying Brandenburg's first and third refund claims.  (<u>See</u> Resp't Produc. Resp. Br. at 4; Pet'r Prod. Br., Ex. J; Hr'g Tr. at 65, 71, 74.)  In addition, because the notes involve the proposed assessment process they could possibly lead to admissible trial evidence with respect to Brandenburg's allegation that proposed assessments were untimely issued.  (<u>See</u> Hr'g Tr. at 65; Pet'r First. Am. Pet ¶¶ 56-62.) <u>See</u> <u>also</u> T.R. 26(B)(1) (indicating that the parties' claims and defenses are relevant to the subject matter of a particular action).  Accordingly, the Department has not shown that there is no possibility that the two-pages of handwritten notes are not relevant to the subject matter of this case.

The Department also claims that the notes are not relevant because given its <u>de</u>

---

[2]  While Brandenburg argues that the Department should be estopped from claiming that the handwritten notes are not relevant because it has already admitted that they were, (<u>see</u> Pet'r Reply Mem. Supp. Mot. Compel Produc. Nonprivileged Doc. at 2-6), the Court declines to bar the Department's argument.

10

novo standard of review, the Court is not required to give deference to the Department's decisions, to be bound by the evidence, issues, or analyses considered at the administrative level, or to adhere to any information specific to, or documentation generated during, the administrative process. (See Resp't Produc. Resp. Br. at 3-4.) This Court has previously explained, however, that information and documentation do not lack relevance merely because they may not be afforded deference by this Court. See Popovich I, 7 N.E.3d at 414-15. Consequently, the Court finds that the two-pages of handwritten notes that Brandenburg seeks are relevant.

## Indiana Code § 5-14-3-4(b)(6)

The Department next claims that Indiana Code § 5-14-3-4(b)(6) bars the discovery of the notes that Brandenburg seeks. (Resp't Produc. Resp. Br. at 5-10.) That statute provides that a governmental agency may prohibit the disclosure of "[r]ecords that are intra-agency or interagency advisory or deliberative material . . . that are expressions of opinion or are of a speculative nature, and that are communicated for the purpose of decision making." IND. CODE § 5-14-3-4(b)(6) (2015). The statute, however, prohibits disclosure of information to the general public, not between the parties to a civil action. See Popovich I, 7 N.E.3d at 416. Accordingly, the Department's objections based on Indiana Code § 5-14-3-4(b)(6) fail.

## The Deliberative Process Privilege

The Department further claims that a deliberative process privilege protects the notes from discovery. (See Resp't Prod. Resp. Br. at 10-13.) The Court rejects this claim because no deliberative process privilege exists in Indiana. See Popovich I, 7 N.E.3d at 415-16.

11

**The Work-Product Privilege**

Finally, the Department contends that the work-product privilege shields the notes that Brandenburg seeks to discover.[3]  (See Resp't Produc. Resp. Br. at 13-15.) As discussed, the notes contain information regarding the Department's denials of Brandenburg's first and third refund claims.  The Department claims that the notes were prepared in anticipation of litigation because they were prepared about two months after Brandenburg appealed the Department's denials of its second and fourth refund claims to the Court.  (See Resp't Produc. Resp. Br. at 15; Hr'g Tr. at 84-85.)

Indiana Trial Rule 26(B)(3), in part, states

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (B)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Ind. Trial Rule 26(B)(3).  Accordingly, the determination of whether the work-product privilege applies under Trial Rule 26(B)(3) focuses on whether the materials at issue were prepared in anticipation of litigation.  See CIGNA-INA/Aetna v. Hagerman-Shambaugh, 473 N.E.2d 1033, 1037 (Ind. Ct. App. 1985), trans. denied.  Litigation, however, need not have actually commenced in order for the privilege to apply; rather,

---

[3]  Brandenburg asserts that the Department waived its work-product privilege claim.  (See Pet'r Mem. Supp. Mot. Compel Produc. Non-Privileged Doc. ("Pet'r Produc. Br.") at 8-10.)  The Court, however, need not resolve the issue of waiver to dispose of this matter.

there must only be a possibility of litigation.  See id.

"Documents are work product because their subject[-]matter relates to the preparation, strategy, and appraisal of the strengths and weaknesses of an action, or to the activities of [certain representatives or] the attorneys involved."  Indiana State Bd. of Pub. Welfare v. Tioga Pines Living Ctr., Inc., 592 N.E.2d 1274, 1277 (Ind. Ct. App. 1992) (citation omitted), trans. denied; see also American Bldgs. Co. v. Kokomo Grain Co., 506 N.E.2d 56, 63 (Ind. Ct. App. 1987), trans. denied; T.R. 26(B)(3).  Documents assembled in the ordinary course of business, pursuant to public requirements unrelated to litigation, or for any other non-litigation purpose, however, are not work product and thus are not immune from discovery under Trial Rule 26(B)(3).  See Tioga Pines, 592 N.E.2d 1277; In re Matter of Snyder, 418 N.E.2d 1171, 1177 (Ind. Ct. App. 1981).  Consequently, the resolution of this issue depends on "whether, in light, of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation."  CIGNA, 473 N.E.2d at 1037 (citation omitted).  The party seeking protection under the work-product privilege has the burden to demonstrate that the documents are protected from discovery.  See State v. Hogan, 588 N.E.2d 560, 562 (Ind. Ct. App. 1992), trans. denied.

The facts reveal that the notes were prepared about two months after Brandenburg appealed the Department's denials of the second and fourth refund claims to this Court and before the Department had denied refund claims one and three.  Indeed, there is no dispute that one of the Department's employees prepared the notes, at her own volition, after she and another employee discussed the denials of refund

13

claims one and three.[4]  (See Hr'g Tr. 65, 74, 87; Pet'r Produc. Br., Ex. J.)  Thus, at that time, the prospect of litigation as to refund claims one and three simply was not on the horizon because there is no evidence that Brandenburg had any knowledge of the Department's intent to deny the claims.  See National Eng'g & Contracting Co. v. C & P Eng'g & Mfg. Co., 676 N.E.2d 372, 378 (Ind. Ct. App. 1997) ("Litigation cannot be imminent when one party does not have knowledge of the facts that would give rise to a cause of action against the other party").  See also Tioga Pines, 592 N.E.2d at 1277 (stating that "[a]cts performed by a public employee in the performance of his official[] duties are not 'prepared in anticipation of litigation or for trial' merely by virtue of the fact that they are likely to be the subject of litigation" (citation omitted)).

After the Department denied refund claims one and three, it issued proposed assessments as required under Indiana Code § 6-8.1-5-1.  See IND. CODE § 6-8.1-5-1(b) (2012) (stating "[i]f the [Department] reasonably believes that a person has not reported the proper amount of tax due, the [Department] shall make a proposed assessment of the amount of the unpaid tax" (emphasis added)).  Consequently, and just as the Department has expressly stated, the notes reveal or are related to "what happened . . . in the proposed assessment issuance process[.]"  (See also Hr'g Tr. at 65.)  Moreover, the Department's claim that the notes do not address the issues in this case suggests that its employee did not prepare them in anticipation of litigation.  (See Hr'g Tr. at 63-65; Pet'r First. Am. Pet. ¶¶ 33-55.)  Given this factual backdrop, the Court finds that the

---

[4]  The employee that prepared the notes is an attorney and subsequent to the writing of the notes served as the hearing officer in Brandenburg's protest of the Department's denials of refund claims one and three.  (See Pet'r Produc. Br. at 7.)  The Department, however, has not claimed that the employee was acting as its attorney or its hearing officer when she prepared the notes.  (See, e.g., Resp't Resp. Pet'r Mot. Compel Produc. Non-Privileged Doc. at 5-17; Hr'g Tr. at 74 (where the Department states that Brandenburg is not seeking the hearing officer's notes).)

14

notes are not work product prepared in anticipation of litigation; rather, they are commonplace documents prepared by one of the Department's employees during the ordinary course of the Department's general administrative duties, here denying refund claims and issuing proposed assessments. Therefore, the two-pages of handwritten notes that Brandenburg seeks are discoverable.

## CONCLUSION

For the above-stated reasons the Court DENIES Brandenburg's Motion to Compel Interrogatory Response and GRANTS its Motion to Compel Production of Nonprivileged Document. Accordingly, the Court ORDERS the Department to provide Brandenburg with the two-pages of handwritten notes that are responsive to Brandenburg's Request for Production Number 3 within seven (7) days of this order. The Court also ORDERS the parties to submit a new joint case management plan within thirty (30) days of this order. Finally, the Court will schedule a Trial Rule 37(A)(4) hearing regarding the propriety of an award of expenses by separate order.

SO ORDERED this 30th day of January 2015.

Martha Blood Wentworth, Judge
Indiana Tax Court

Distribution: Randal J. Kaltenmark, Ziaaddin Mollabashy, Mark S. Bernstein, Matthew F. Singer, Gregory F. Zoeller, John P. Lowrey