PETITIONER APPEARING PRO SE:
**ROBERT J. KUCHLER, TRUSTEE**
Long Beach, IN

ATTORNEY FOR RESPONDENT:
**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

# IN THE
# INDIANA TAX COURT

RJK TRUST/                                  )
ROBERT J. KUCHLER, TRUSTEE,                 )
                                            )
        Petitioner,                         )
                                            )
                v.                          )   Cause No. 45T10-1304-TA-00050
                                            )
LAPORTE COUNTY ASSESSOR,                    )
                                            )
        Respondent.                         )

FILED

CLERK
of the supreme court,
court of appeals and
tax court

## ON APPEAL FROM A FINAL DETERMINATION OF
## THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**SEPTEMBER 18, 2015**

WENTWORTH, J.

RJK Trust, Robert J. Kuchler, Trustee, appeals the final determination of the Indiana Board of Tax Review that increased its 2006 real property assessment from $630,500 to $800,000 based on an independent appraisal the Assessor provided to RJK Trust for the first time at the administrative hearing. The Court reverses the Indiana Board's final determination.

## FACTS AND PROCEDURAL HISTORY

RJK Trust owns a single-family residential home in Long Beach, Indiana. The Michigan Township Assessor determined the assessed value of the property to be

$630,500 ($421,600 for land and $208,900 for improvements) as of the March 1, 2006, assessment date.

Believing the value to be too high, RJK Trust filed an appeal with the LaPorte County Property Tax Assessment Board of Appeals (PTABOA). On May 11, 2011, the PTABOA denied RJK Trust's appeal. RJK Trust subsequently filed an appeal with the Indiana Board, electing to have the case heard pursuant to the Indiana Board's small claims procedures.

The Indiana Board held a hearing on December 19, 2012. The Indiana Board determined that the Assessor bore the burden of proving that RJK Trust's 2006 assessment was correct. (Cert. Admin. R. at 20 ¶ 14.) See also IND. CODE § 6-1.1-15-17.2 (2012) (amended 2014). During the hearing, the Assessor submitted an independent appraisal report that valued RJK Trust's property at $800,000 based on the sales data of three comparable properties. (See Cert. Admin. R. at 144-61.) The Appraiser, however, did not testify. (See Cert. Admin. R. at 163-269.) In rebuttal, RJK Trust presented testimony and other evidence, including among other things, PTABOA hearing minutes, property record cards, and a portion of the Real Property Assessment Guidelines in support of its claims. (See, e.g., Cert. Admin. R. at 86-93, 113-21, 129-39.) On March 11, 2013, the Indiana Board issued its final determination, finding that the Assessor's appraisal reflected the subject property's market value-in-use as of March 1, 2006. (See Cert. Admin. R. at 23 ¶ 16.)

On April 23, 2013, RJK Trust initiated this original tax appeal. The Court conducted oral argument on December 2, 2013. Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority.  Tipton Cnty. Health Care Found., Inc. v. Tipton Cnty. Assessor, 961 N.E.2d 1048, 1050 (Ind. Tax Ct. 2012).  Indeed, the Court will reverse a final determination of the Indiana Board only if it is:

>    (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
>    (2) contrary to constitutional right, power, privilege, or immunity;
>
>    (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;
>
>    (4) without observance of procedure required by law; or
>
>    (5) unsupported by substantial or reliable evidence.

IND. CODE § 33-26-6-6(e)(1)-(5) (2015).

## DISCUSSION

On appeal, RJK Trust contends, among other things, that "the assessor utilized an appraisal report that was never previously produced[.]"[1]  (See V. Pet. Judicial Review Final Determination Indiana Board ¶ 15; Pet'r Br. at 2.)  The Indiana Board's regulations governing small claims procedures require that

>    (d) [i]f requested not later than ten (10) business days prior to hearing by any party, the parties shall provide to all other parties copies of any documentary evidence . . . to be

---

[1]  RJK Trust also argues on appeal that the Assessor's independent appraisal report did not provide probative evidence of the subject property's value because:  1) it was for the wrong year; 2) it did not comply with the Uniform Standards of Professional Appraisal Practice (USPAP); 3) it conflicted with the property's details as delineated on the property record card; 4) it was an incomplete restricted use appraisal; and 5) it contained several errors and inconsistencies.  (See Pet'r Br. at 4-12.)  The Court will not address these claims, however, given the disposition of the case on other grounds.

> presented at the hearing at least five (5) business days before the small claim hearing.
>
> * * * * *
>
> (f) Failure to comply with subsection (d) may serve as grounds to exclude evidence or testimony that has not been timely provided.

52 IND. ADMIN. CODE 3-1-5(d), (f) (2012) (see http://www.in.gov/legislative/iac/) (emphasis added). Moreover, the Indiana Board's small claims procedures limit each party to twenty minutes to present their respective cases. See 52 IND. ADMIN. CODE 3-1-8(a) (2012) (see http://www.in.gov/legislative/iac/).

The administrative record in this case reveals that on two separate occasions, RJK Trust sent written requests to the Assessor seeking copies of documents pertaining to the appeal of its 2006 assessment. (See Cert. Admin. R. at 140-143.) On June 20, 2011, RJK Trust first sent a written request to the Assessor "[i]n order to be properly prepared for the IBTR hearing" that asked for, among other things, all

> worksheets, meeting agendas, meeting notes, meeting minutes, staff worksheets, consultant's work papers, consultant reports, recommendations made to the County Assessor, and all of the County Assessor's files regarding this matter, including the Assessor's approval of the changes in land values and the DLGF's written approval of the Michigan Township's sales ratio study.

(See Cert. Admin. R. at 140.) On November 26, 2012, RJK Trust made a second written request seeking the documents requested, but not yet provided to him, as well as any documents "which have been created and/or discovered since June 24, 2011." (See Cert. Admin. R. at 142.) Despite these requests, the Assessor admitted upon questioning by RJK Trust, that he never provided a copy of the appraisal report to RJK Trust prior to the hearing. (See Cert. Admin. R. at 180.)

4

The Indiana Board's regulations governing small claims cases are designed to promote the informal and efficient resolution of cases. See 52 IND. ADMIN. CODE 3-1-1(b) (2012) (see http://www.in.gov/legislative/iac/); 52 I.A.C. 3-1-5(d). As a result, a party electing small claims treatment opts out of the full menu of discovery options generally available in favor of more limited discovery. Compare 52 IND. ADMIN. CODE 2-7-1 (2012) (see http://www.in.gov/legislative/iac/) with 52 I.A.C. 3-1-5(d). Regardless of this more limited discovery, the Indiana Board's small claims regulations require, upon request, pre-hearing disclosure to uphold the fundamental tenet of our judicial system that neither party be subjected to a trial by ambush. See 52 I.A.C. 3-1-5(d). See also Brandenburg Indus. Serv. Co. v. Indiana Dep't of State Revenue, 26 N.E.3d 147, 152 (Ind. Tax Ct. 2015) (explaining that the purpose of pre-trial discovery is to allow the free exchange of information and to permit each party to prepare without concerns of being surprised at trial).

Here, however, a trial by ambush is exactly what happened. RJK Trust never received a copy of the appraisal report until the day of the hearing. (See Cert. Admin. R. at 180.) As a result, RJK Trust had no opportunity to adequately prepare any rebuttal to the evidence in the appraisal report in advance of the hearing or in the twenty minutes it had to present its case. Moreover, in its closing remarks, RJK Trust asked the Indiana Board not to "follow" the appraisal report because, among other things, it did not receive a copy before the hearing. (See Cert. Admin. R. at 267.) Accordingly, RJK

Trust's failure to object to the admission of the appraisal report[2] does not waive its ability to claim that the Indiana Board erred by not requiring the Assessor to produce evidence five days before the hearing and then not addressing whether or not it would exercise its discretion to exclude the evidence. See 52 I.A.C. 3-1-5(d), (f); see also Coombes v. Washington Twp. Assessor, 901 N.E.2d 1180, 1182 (Ind. Tax Ct. 2009) (explaining that "[p]rocedural due process requires that a taxpayer be provided with notice and a meaningful opportunity to be heard before a tax liability is finally fixed") (citation omitted).

The Indiana Board's final determination failed to analyze or even address whether it would or would not exclude the Assessor's appraisal report under 52 I.A.C 3-1-5(f) because he failed to comply with the mandate in 52 I.A.C. 3-1-4(d). Accordingly, the Indiana Board abused its discretion by making a determination that is clearly contrary to the logic and effect of the facts and the law because it is based on evidence tainted by the evils of unfair surprise. See Hubler Realty Co. v. Hendricks Cnty. Assessor, 938 N.E.2d 311, 315 n.5 (Ind. Tax Ct. 2010) (explaining that an abuse of discretion occurs if the Indiana Board's decision is clearly against the logic and effect of the facts and circumstances before it or when it misinterprets the law).

## CONCLUSION

For the reasons stated above, the Court REVERSES the Indiana Board's final

---

[2] Near the end of the administrative hearing, the Administrative Law Judge asked RJK Trust whether it objected to the admission of the appraisal report. (See Cert. Admin. R. at 257.) RJK Trust did not object. (See Cert. Admin. R. at 257.) As a result of RJK Trust failing to object to the admission of the appraisal report as hearsay, the Indiana Board is permitted to base its finding, as it has done, solely on this hearsay evidence. See 52 IND. ADMIN. CODE 3-1-5(b) (2012) (see http://www.in.gov/legislative/iac/).

determination and REMANDS to the Indiana Board to hold a new hearing consistent with this decision.